**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Garlock Sealing Technologies LLC | Civil Action No.: | 11-1130 (LPS) |
| | Civil Action No.: | 11-1131 (LPS) |
| Appellant, | Civil Action No.: | 11-1132 (LPS) |
| | Civil Action No.: | 11-1133 (LPS) |
| v. | Civil Action No.: | 11-1134 (LPS) |
| | Civil Action No.: | 11-1135 (LPS) |
| Law Offices of Peter G. Angelos PC, *et al.*, | Civil Action No.: | 11-1136 (LPS) |
| | Civil Action No.: | 11-1137 (LPS) |
| Appellees. | Civil Action No.: | 11-1138 (LPS) |

| | | |
|---|---|---|
| In re: | | |
| ACandS, Inc., | Bankr. Case No.: | 02-12687 (JFK) |
| Armstrong World Industries, Inc., | Bankr. Case No.: | 00-04471 (JFK) |
| Combustion Engineering, Inc., | Bankr. Case No.: | 03-10495 (JFK) |
| The Flintkote Company, | Bankr. Case No.: | 04-11300 (JFK) |
| Kaiser Aluminum Corp., | Bankr. Case No.: | 02-10429 (JFK) |
| Owens Corning, | Bankr. Case No.: | 00-03837 (JFK) |
| US Mineral Products Company, | Bankr. Case No.: | 01-02471 (JFK) |
| USG Corp., and | Bankr. Case No.: | 01-02094 (JFK) |
| W.R. Grace & Co., | Bankr. Case No.: | 01-01139 (JFK) |
| Debtors. | | |

**RESPONSE OF ACC APPELLEES TO (1) EMERGENCY MOTION OF APPELLANT GARLOCK SEALING TECHNOLOGIES LLC (I) TO EXPEDITE BRIEFING AND HEARING ON THESE APPEALS, (II) TO BYPASS APPELLATE MEDIATION AND (III) FOR RELATED RELIEF AND TO (2) MOTION OF APPELLANT GARLOCK SEALING TECHNOLOGIES LLC TO <u>PROCEDURALLY CONSOLIDATE ABOVE-CAPTIONED APPEALS</u>**

Pursuant to this Court's Order of December 12, 2011, the Official Committees of

Asbestos Claimants in the Flintkote, Grace, NARCO and Pittsburgh Corning bankruptcy cases

{D0215567.1 }

(the "ACC Appellees") respectfully submit this response to two motions filed by Garlock Sealing Technologies LLC ("Garlock") on or about December 6, 2011: first, Garlock's Emergency Motion to (I) Expedite Briefing and Hearing on these appeals, (II) to Bypass Appellate Mediation and (III) for Related Relief (the "Scheduling Motion"), and second, Garlock's Motion to Procedurally Consolidate the Above-Captioned Appeals (the "Procedural Consolidation Motion").

As the ACC Appellees have previously informed Garlock, the ACC Appellees have no objection to Garlock's request for this Court to set the same briefing schedule for these appeals that Judge Fischer has set for the three Pennsylvania appeals from the same order of Judge Fitzgerald; indeed, the Pennsylvania appeals before Judge Fischer raise the same issues as do the appeals in this Court.[1]  Nor do the ACC Appellees object to Garlock's request to facilitate that briefing schedule by bypassing appellate mediation, as the ACC Appellees also previously informed Garlock.

---

[1]  Of course, that schedule calls for Garlock to file its initial brief in this Court by December 12, 2011; with appellee briefs due by January 13, 2011 and Garlock's reply brief due January 27, 2012.  It does not appear at this point that Garlock has filed its brief in this Court by December 12, 2011.  Assuming that this Court grants the Scheduling Motion, to the extent that Garlock files the identical brief in this Court that it files in the Pennsylvania appeals (which the ACC Appellees understood to be Garlock's intention based upon its proposal to set the same briefing schedule), that schedule is still appropriate and the ACC Appellees do not object to it, provided that Garlock makes clear that it is filing such an identical appellate brief in both Courts and does so promptly.  Conversely, to the extent that Garlock files an appellant brief here that is *not* identical to the one it files in the Pennsylvania appeals, it is not clear that an identical briefing schedule between the two cases can be fairly accomplished, given that December 12, 2011 has now passed.  In that event, the ACC Appellees would request the same period of time to respond to the appellate brief in these appeals as they have been granted in the Pennsylvania appeals, which would have the practical consequence of having the appeal briefs in these cases be filed several days later than the analogous briefs in the Pennsylvania appeals.  The ACC Appellees do not view that as likely to create any problems of the kind identified by Garlock in its Scheduling Motion.

In the "meet and confer" process prior to Garlock's filing of the Scheduling Motion, the ACC Appellees were not in agreement with any potential attempt by Garlock to somehow ambiguously "expedite" the appeals beyond those two areas.[2] Garlock's proposed Order attached to the Scheduling Motion makes clear, however, that the specific relief that Garlock seeks from this Court is what the ACC Appellees have already agreed is appropriate: to set the appeals in this Court on the same briefing schedule as the appeals in Pennsylvania, and to that end, to bypass appellate mediation in these appeals. Accordingly, the ACC Appellees do not object to the relief requested by the Scheduling Motion.[3]

While Garlock did not inform the ACC Appellees beforehand that it intended to file a motion to procedurally consolidate these appeals, the ACC Appellees do not object to the Procedural Consolidation Motion on the understanding that such a consolidation is purely administrative and procedural and will merely allow the parties to file briefs under one docket number (not nine), and will allow the Court to hold consolidated hearings for all nine appeals.

This does not mean, however, that the nine appeals in this Court all present identical issues or will have identical parties. As discussed by Judge Fitzgerald in her decision in the bankruptcy court, seven of the nine cases as to which Garlock appeals to this Court from Judge Fitzgerald's rulings are post-consummation "closed" bankruptcy cases, and those cases present additional legal and factual issues that are not present in the two "open" cases. Moreover, certain

---

[2] Indeed, to the extent that this Court "expedited" these appeals beyond setting the same briefing schedule as in the Pennsylvania appeals, that would seem to create the same lack of efficiency and potential procedural unfairness that the ACC Appellees understood the Scheduling Motion to be an attempt to avoid.

[3] The ACC Appellees note that the Scheduling Motion makes a number of assertions that relate to the merits of the underlying appeals, including Garlock's view of what the legal issues on appeal are. The ACC Appellees will address the merits of these appeals at the appropriate time and place (which is in their appellee brief), and so do not attempt to otherwise respond to such assertions by Garlock.

reorganized debtors appeared below, and may appear again as appellees, in only their own prior cases.

*[Remainder of Page Intentionally Left Blank]*

Case 1:11-cv-01138-LPS   Document 10   Filed 12/13/11   Page 4 of 5 PageID #: 224

Dated: December 13, 2011

Respectfully submitted,

**CAMPBELL & LEVINE, LLC**

*/s/ Mark T. Hurford*
Marla R. Eskin (DE Bar No. 2989)
Mark T. Hurford (DE Bar No. 3299)
800 N. King Street, Suite 300
Wilmington, DE 19801
Telephone:  (302) 426-1900
Facsimile:  (302) 426-9947
meskin@camlev.com
mhurford@camlev.com

Philip E. Milch
PA I.D. No. 53519
David B. Salzman
PA I.D. No. 39360
1700 Grant Building
Pittsburgh, PA  15219
Telephone:  (412) 261-0310
Facsimile:  (412) 261-5066
dbs@camlev.com
pem@camlev.com

- and –

**CAPLIN & DRYSDALE, CHARTERED**
Peter Van N. Lockwood
Trevor W. Swett
Kevin C. Maclay
One Thomas Circle, NW
Suite 1100
Washington, DC  20005
Telephone:  (202) 862-5000
Facsimile:  (202) 429-3301
E-mail: pvnl@capdale.com
tws@capdale.com; kcm@capdale.com

Elihu Inselbuch
375 Park Avenue, 35th Floor
New York, NY  10152-3500
Telephone:  (212) 319-7125
Facsimile:  (212) 644-6755
E-mail: ei@capdale.com

*Counsel for the ACC Appellees*