IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Garlock Sealing Technologies LLC,**<br><br>Appellant,<br><br>v.<br><br>Law Offices of Peter G. Angelos, PC, *et al.,*<br><br>Appellees. | **Civil Action Nos.:**<br>11-1130 (LPS)<br>(related to Docket No. 9 & 10)<br>11-1131 (LPS)<br>(related to Docket No. 8 & 9)<br>11-1132 (LPS)<br>(related to Docket No. 7 & 8)<br>11-1133 (LPS)<br>(related to Docket No. 8 & 9)<br>11-1134 (LPS)<br>(related to Docket No. 8 & 9)<br>11-1135 (LPS)<br>(related to Docket No. 7 & 8)<br>11-1136 (LPS)<br>(related to Docket No. 8 & 9)<br>11-1137 (LPS)<br>(related to Docket No. 8 & 9)<br>11-1138 (LPS)<br>(related to Docket No. 7 & 8) |
| In re<br><br>    ACandS, Inc.,<br>    Armstrong World Industries, Inc.,<br>    Combustion Engineering, Inc.,<br>    The Flintkote Company,<br>    Kaiser Aluminum Corp.,<br>    Owens Corning,<br>    US Mineral Products Company<br>    USG Corp., and<br>    W.R. Grace & Co.,<br><br>        Debtors. | Bankr. Case Nos.   02-12687 (JKF)<br>                              00-04471 (JKF)<br>                              03-10495 (JKF)<br>                              04-11300 (JKF)<br>                              02-10429 (JKF)<br>                              00-03837 (JKF)<br>                              01-02471 (JKF)<br>                              01-02094 (JKF)<br>                              01-01139 (JKF) |

**RESPONSE OF CERTAIN APPELLEES TO APPELLANT'S
EMERGENCY MOTION (I) TO EXPEDITE BRIEFING
AND HEARING ON THESE APPEALS, (II) TO BYPASS
<u>APPELLATE MEDIATION</u>**

On December 6, 2011, Appellant Garlock Sealing Technologies LLC ("Garlock" or "Appellant") filed its (1) "Emergency Motion of Appellant Garlock Sealing Technologies LLC (I) To Expedite Briefing and Hearing on These Appeals, (II) To Bypass Appellate Mediation and (III) For Related Relief (the "Expedition Motion"), and "Motion of Appellant Garlock Sealing Technologies to Procedurally Consolidate Above-Captioned Appeals (the "Consolidation Motion" and, with the Expedition Motion, the "Garlock Motions").[1]  The dockets in these appeals reflect that on December 12, 2011, the Court orally ordered Appellees to respond to the Motion on or before December 13, 2011.  Certain of the Appellees represented by the undersigned counsel[2] respond to the Motion in compliance with the Court's directive as follows:

I.

1.   Although generally disposed not to oppose the relief that appears to be sought by the Garlock Motions, as set forth in more detail below, the Certain Law Firms are not at ease with some of the Garlock Motions' content.  For motions that Garlock emphasizes are procedural in nature, the Garlock Motions each include surprisingly lengthy and unnecessary merits-related content that should appropriately be reserved for Garlock's briefs on the merits.

---

[1]  The Expedition Motion is Docket Item 9 in Civil Action No. 11-1130 (LPS) and the Consolidation Motion is Docket Item 10.

[2]  The Appellees in question are the following law firms: The Law Offices of Peter G. Angelos, P.C.; Baron & Budd, P.C.; Brayton Purcell, LLP; Hissey Kientz, LLP; The Lipman Law Firm; Reaud, Morgan & Quinn, Inc.; Thornton & Naumes, LLP; Waters & Kraus, LLP; Weitz & Luxenberg P.C.; and Williams Kherkher Hart Boundas, LLP (collectively, the "Certain Law Firms" with each being a "Certain Law Firm").

2. The issues in these appeals have already been articulated on the record. Yet, in numbered paragraph 17 of the Expedition Motion, Garlock offers up a partisan rendering of what it regards as the "simple" issue in these appeals—a rendering with which the Certain Law Firms take exception. The Certain Law Firms reserve their merits briefing for their merits brief and decline in this response to address Garlock's merits-related assertions in the Garlock Motions.

3. Garlock has also been oddly lax with respect to its meet and confer responsibilities. With respect to the Consolidation Motion, Garlock's counsel *never* undertook to meet and confer with the Certain Law Firms' counsel. Even with respect to the Expedition Motion, Garlock took "meet and confer" liberties. A November 28, 2011, email to Garlock's counsel, sent on behalf of the Certain Law Firms and others, stated "We would like to review a copy of your proposed motion to ensure that we understand the precise relief requested, but we are inclined to agree to Garlock's request that the requirement of mediation be waived in both forums, and that the briefing schedule in the District of Delaware cases should be set on the same schedule established by the Western District of Pennsylvania. We are disinclined to agree to the other aspects of Garlock's motion as we understand them." Despite this, Garlock did not afford the Certain Law Firms and opportunity to review the Expedition Motion prior to filing it.

## II.

4. On October 7, 2011, the Bankruptcy Court, Honorable Judith K. Fitzgerald, issued an *Order Denying Motions for Access to 2019 Statements, Denying Motions to Intervene and Denying Motions to Reopen Certain Closed Cases* together with a *Memorandum Opinion* explaining her rulings. These are the matters from which Garlock appeals in each of these appeals and in three others pending before the United States District Court for the Western District of Pennsylvania.[3]

5. Garlock's initial brief in the Pennsylvania appeals was filed on December 12, 2011. On the Wednesday before Thanksgiving, the Certain Law Firms and other appellees in the Pennsylvania appeals contacted Garlock's counsel and proposed a two-week extension to the appellate briefing schedule that had been prescribed by the United States District Court in Pittsburgh. Garlock's counsel agreed to a ten-day extension, which has since been memorialized by an order signed by Honorable Nora Berry Fischer. Pursuant to this Order, Garlock's initial brief in the Pennsylvania appeals was due December 12th, the various appellees' briefs will be due January 13, 2012, and Garlock's reply brief will be due January 27, 2012.

6. The briefing schedule of the Pennsylvania appeals is relevant here because, when Garlock's counsel indicated to counsel for the various appellees prior to filing the Expedition Motion that Garlock intended to seek "expedition" of these Delaware appeals, the Certain Law Firms and the other appellees made clear that the

---

[3] Judge Fitzgerald is a sitting bankruptcy judge in the Western District of Pennsylvania, but presided over the underlying Delaware bankruptcy cases by designation.

only expedition to which they were inclined to agree was to put the Delaware appeals on the same briefing schedule as the Pennsylvania appeals.

7. In the Expedition Motion, Garlock does request "that the Court set a briefing schedule consistent with the schedule set forth in the W.D. Pa. Appeals." Expedition Motion at ¶ 18. The Certain Law Firms do not oppose that. However, Garlock devotes four pages of the Expedition Motion to its insistence that these Delaware appeals be expedited—an oddly verbose discussion if nothing more than parallel briefing schedules is being sought. To the extent that Garlock seeks any manner of expedition beyond parallel briefing schedules—expedition as to which the Expedition Motion is not explicit—the Certain Law Firms are opposed.

8. The December 12 due date for Garlock's initial brief in the Pennsylvania appeals has just passed. Imposition of a parallel briefing schedule, with allowances for Garlock to file its initial brief promptly, should pose no problem if, as the Certain Law Firms expect, Garlock proposes to file the same brief in these Delaware appeals that it already has in the Pennsylvania appeals. To the extent Garlock proposes to file a different opening brief in these appeals, the Certain Law Firms are agreeable to a briefing schedule that corresponds to the existing schedule in the Pennsylvania appeals but adjusts the due dates for Garlock's brief, the various appellees' briefs, and Garlock's reply brief based on when this Court decides the Expedition Motion.

### III.

9. With respect to Garlock's request that appellate mediation be bypassed for the Delaware appeals—Garlock says it "will serve no purpose beyond further delay"[4]—the Certain Law Firms are more ambivalent regarding the potential utility of mediation. Nevertheless, upon reflection, the Certain Law Firms are not disposed to disagree with Garlock that appellate mediation is not likely to be useful where Garlock is opposed to mediation.

### IV.

10. The Certain Law Firms note that Bankruptcy Rule 8010(c) specifies the page limitations for bankruptcy appeals "[u]nless the district court or the bankruptcy appellate panel by local rule otherwise provides[.]" Garlock's concern "out of an abundance of caution"[5] to confirm the applicability of the briefing page limits set forth in Bankruptcy Rule 8010(c) seems unnecessary.

### V.

11. Garlock's failure to meet or confer on the Consolidation Motion notwithstanding, the Certain Law Firms do not oppose the procedural consolidation[6] of the nine above-captioned Delaware appeals upon the understanding that doing so will simply permit the parties to file briefs under a single docket number instead of in all nine appeals and will facilitate consolidated hearings for all nine appeals.

---

[4] Expedition Motion, ¶ 20.

[5] *Id.* at ¶ 24.

[6] The proposed order Garlock submitted with respect to the Consolidation Motion appropriately provides at numbered paragraph 2 thereof that the consolidation would be "for procedural purposes only."

WHEREFORE, the Certain Law Firms oppose any expedition of these appeals other than putting them on a parallel briefing schedule with the related appeals pending in the Western District of Pennsylvania (subject to slight adjustment based on when the Court decides the Expedition Motion) and do not oppose (1) bypassing mandatory mediation with respect to these appeals, or (2) procedurally consolidating these appeals.  They do not understand the Garlock Motions to seek any additional or other relief but, to the extent they may arguably do so, the Certain Law Firms oppose such relief.

Dated:  December 13, 2011

/s/ Daniel K. Hogan

Daniel K. Hogan (De. Bar No. 2814)

The Hogan Firm
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656-7540
Facsimile: (302) 656-7599

-and-

**STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation**
Sander L. Esserman TX Bar No. 06671500
**David A. Klingler TX Bar No. 11574300**
**David J. Parsons TX Bar No. 24037238**
**Cliff I. Taylor TX Bar No.** 24042007
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
(214) 969-4900
(214) 969-4999 (facsimile)

**ATTORNEYS FOR THE CERTAIN LAW FIRMS, APPELLEES**