IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Garlock Sealing Technologies LLC | ) ) | Civil Action Nos. 11-1130 (LPS) 11-1131 (LPS) |
| Appellant, | ) ) | 11-1132 (LPS) 11-1133 (LPS) |
| v. | ) ) | 11-1134 (LPS) 11-1135 (LPS) |
| Law Offices of Peter G. Angelos PC, *et al.*, | ) ) | 11-1136 (LPS) 11-1137 (LPS) |
| Appellees. | ) ) | 11-1138 (LPS) |
| In re | ) ) ) | |
| ACandS, Inc., | ) ) | Bankr. Case Nos. 02-12687 (JFK) |
| Armstrong World Industries, Inc., | ) ) | 00-04471 (JFK) |
| Combustion Engineering, Inc., | ) ) | 03-10495 (JFK) |
| The Flintkote Company, | ) ) | 04-11300 (JFK) |
| Kaiser Aluminum Corp., | ) ) | 02-10429 (JFK) |
| Owens Corning, | ) ) | 00-03837 (JFK) |
| US Mineral Products Company, | ) ) | 01-02471 (JFK) |
| USG Corp., and | ) ) | 01-02094 (JFK) |
| W.R. Grace & Co., | ) ) | 01-01139 (JFK) |
| Debtors. | ) ) | |

**CONSOLIDATED RESPONSE OF CERTAIN APPELLEE LAW FIRMS
REPRESENTED BY MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
TO: (A) EMERGENCY MOTION OF APPELLANT GARLOCK SEALING
TECHNOLOGIES LLC (I) TO EXPEDITE BRIEFING AND HEARING
ON THESE APPEALS, (II) TO BYPASS APPELLATE MEDIATION AND
(III) FOR RELATED RELIEF; AND (B) MOTION OF APPELLANT GARLOCK
SEALING TECHNOLOGIES LLC TO PROCEDURALLY
<u>CONSOLIDATE ABOVE-CAPTIONED APPEALS</u>**

Appellees Kazan, McClain, Lyons, Greenwood & Harley, PLC; Water & Kraus LLP; Stanley Mandel & Iola, LLP; Simmons Browder Gianaris Angelides & Barnerd LLC, Bergman, Draper & Frockt, PLLC; Gori Julian & Associates, P.C.; Early Lucarelli Sweeney & Strauss; Cooney & Conway; George & Sipes LLP; Lipsitz & Ponterio, LLC; Bifferato LLC, and Montgomery McCracken Walker & Rhoades, LLP (collectively, the "MMWR Appellees") hereby respond to the Emergency Motion Of Appellant Garlock Sealing Technologies LLC (I) To Expedite Briefing And Hearing On These Appeals, (II) To Bypass Appellate Mediation And (III) For Related Relief (D.I. 9) (the "Briefing Motion") and the Motion Of Appellant Garlock Sealing Technologies LLC To Procedurally Consolidate Above-Captioned Appeals (D.I. 10) (the "Consolidation Motion").  In support of their consolidated response, the MMWR Appellees state as follows:

## RESPONSIVE STATEMENT

On December 6, 2011, Garlock Sealing Technologies LLC ("Appellant") filed the Briefing Motion and Consolidation Motion.  On December 12, 2011, this Court ordered that appellees file responses to the Briefing Motion and Consolidation Motion "on or before December 13, 2011."  (*See* D.I. 11)

The Briefing Motion requests two things: (1) that this Court enter a briefing schedule (the "Briefing Schedule") for appeal of the Opinions and Orders (as defined in the Briefing Motion) that mirrors the briefing schedule entered by Judge Fischer in the District Court fro the Western District of Pennsylvania and (2) waiver of the mediation requirement found in this Court's standing rules.  In its Briefing Motion, Appellant goes beyond the facts necessary to the determination of these requests and provides limited briefing on the merits of the underlying appeal.  In this response, we address only those facts relevant to the procedural issues.

First, there is no current dispute as to the Briefing Schedule.  The MMWR Appellees agreed to the expedited Briefing Schedule as requested by the Appellant.  However, the proposed deadline for filing the Appellant's opening brief, according to the Briefing Schedule, has come and gone without even a precautionary filing by Appellant.[1]  Although not objecting to the entry of the Briefing Schedule as proposed, the MMWR Appellees reserve their rights to return to this Court seeking modifications to the Briefing Schedule if the Appellant does not file its opening brief with respect to the Delaware appeals by December 22, 2011.

Second, the MMWR Appellees have also agreed to waive the otherwise-required mediation because Appellant's stated position implied that it believed mediation to be futile.

Finally, the MMWR Appellees do not oppose consolidation of the nine captioned cases.  However, it must be noted that six of the nine appeals are from closed bankruptcy cases, and therefore raise different issues than the currently open cases.  For instance, motions to reopen a case generally require the movant to demonstrate a reason for reopening the case related to the case itself (i.e. the interpretation of a court's orders; the rights of the debtors, the creditors; or the value of the estates in those cases).  *See generally In re Zinchiak*, 406 F.3d 214, 224 (3d Cir. 2005) ("It is well-recognized that a bankruptcy proceeding may be reopened to administer estate assets and to determine whether additional assets may be available for creditors of the estate."). Notwithstanding these differences, the MMWR Appellees consent to the relief requested in the Consolidation Motion, with the understanding that Appellant is seeking to consolidate, for procedural purposes, only the appeals currently pending before the United States District Court

---

[1] The MMWR Appellees acknowledge that Appellant electronically filed its opening brief in *Garlock Sealing Technologies, LLC v. Pittsburgh Corning Corp.*, C.A. No. 11-1406 (W.D. Pa.) (Fischer, J.), on December 12, 2011.

for the District of Delaware.  The MMWR Appellees do not agree to the inter-district consolidation of cases currently pending in the Western District of Pennsylvania and the District of Delaware.

## RESERVATION OF RIGHTS

The MMWR Appellees hereby reserve all of their rights and any objections they may have with respect to the appeals and any related matters currently pending before the Court. The MMWR Appellees will respond to Appellant's factual statements and legal arguments regarding the merits of this matter at the appropriate time as established by this Court.

## CONCLUSION

For the foregoing reasons, the MMWR Appellees respectfully do not oppose that the Court (a) enter the Briefing Schedule, subject to Appellant filing its opening brief no later than December 22, 2011 and (b) consolidate, for procedural purposes only, the appeals currently pending before the United States District Court for the District of Delaware with Civil Action Nos. 11-1130 (LPS), 11-1131 (LPS), 11-1132 (LPS), 11-1133 (LPS), 11-1134 (LPS), 11-1135 (LPS), 11-1136 (LPS), 11-1137 (LPS) and 11-1138 (LPS).


Dated: Wilmington, Delaware
          December 13, 2011

Respectfully submitted,

**MONTGOMERY, McCRACKEN,**
**    WALKER & RHOADS, LLP**

 */s/ Davis Lee Wright*
Natalie D. Ramsey, Esquire (DE Bar No. 5378)
Davis Lee Wright, Esquire (DE Bar No. 4324)
1105 North Market Street, Suite 1500
Wilmington, DE  19801
(302) 504-7800

-4-

- and -

Ellen C. Brotman, Esquire (*pro hac vice* to be filed).
123 South Broad Street, 24th floor
Philadelphia, PA  19109
(215) 772-1500

*Counsel for Appellees Kazan, McClain, Lyons, Greenwood & Harley, PLC; Water & Kraus LLP; Stanley Mandel & Iola, LLP; Simmons Browder Gianaris Angelides & Barnerd LLC, Bergman, Draper & Frockt, PLLC; Gori Julian & Associates, P.C.; Early Lucarelli Sweeney & Strauss; Cooney & Conway; George & Sipes LLP; Lipsitz & Ponterio, LLC; Bifferato LLC, and Montgomery McCracken Walker & Rhoades, LLP*